IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

KENNA DOLIN,

      Plaintiff,

v.                                                Case No. 2:17-cv-04323

STATE OF WEST VIRGINIA,

      Defendant.

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before the court is a document filed by Plaintiff, Kenna Dolin ("Dolin"), which has been construed as a Complaint under 42 U.S.C. § 1983. This matter is assigned to the Honorable Thomas E. Johnston, Chief United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B).

*I. PLAINTIFF'S CLAIMS FOR RELIEF*

Dolin's complaint is not a model of clarity. It is titled "Declaration of Right and/or Summary Judgment" and summarily asserts ex post facto, equal protection, and due process claims challenging the application of "the predator law" to him. (ECF No. 1). On March 19, 2004, Dolin was sentenced to concurrent indeterminate sentences of not less than 10 nor more than 20 years in prison following his conviction of three felony sex offenses in the Circuit Court of Boone County, West Virginia. *State v. Dolin*, No. 02-F-12 (Boone Cty. Cir. Ct.) (*see* docket sheet attached hereto as Court's Exhibit A).[1] Dolin did

---

[1] This court may take judicial notice of the official state court records from Dolin's criminal proceedings. *See Goldfarb v. Mayor & City Council of Balt.*, 791 F.3d 500, 508 (4th Cir. 2015) ("[A] court may properly take judicial notice of 'matters of public record' and other information that, under Federal Rule of Evidence

not appeal his convictions to the Supreme Court of Appeals of West Virginia. (*Id.*) According to the records department of the West Virginia Division of Corrections, Dolin discharged his state sentence on March 19, 2014.

On March 5, 2014, before he was released from custody, the State of West Virginia filed a petition in the Circuit Court of Boone County seeking to have Dolin declared a "sexually violent predator" under West Virginia Code § 15-12-2a for the purpose of subjecting him to a lifetime term of supervised release under West Virginia Code § 62-12-26(a). (*See* Petition attached hereto as Court's Exhibit B). According to Dolin's docket sheet, however, that petition has never been adjudicated. (*See* Ex. A).

## II. STANDARD OF REVIEW

Because Dolin is proceeding *pro se*, the court is obliged to construe his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 521 (1972). However, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); *Duffield v. Mem'l Hosp. Ass'n,* 361 F. Supp. 398 (S.D. W. Va. 1973), *aff'd sub. nom. Duffield v. Charleston Area Med. Ctr.*, 503 F.2d 512 (4th Cir. 1974); *see also Bolin v. Chavez,* 210 F.3d 389 (10th Cir. 2000) (permitting *sua sponte* dismissal for lack of subject matter jurisdiction under Rule 12(h)(3) of the Federal Rules of Civil Procedure). Because it is apparent that this court lacks subject matter jurisdiction over this action, the defendant has not been served with process and should not be required to appear.

---

201, constitute 'adjudicative facts.'"); *see also Zak v. Chelsea Therapeutics Int'l Ltd.*, 780 F.3d 597, 607 (4th Cir. 2015) ("Courts are permitted to consider facts and documents subject to judicial notice without converting the motion to dismiss into one for summary judgment.").

### III. DISCUSSION

Dolin appears to be asserting constitutional challenges to the State's request that he be declared a "sexually violent predator" and subject to lifetime supervision. He appears to claim that the "ex post facto application" of the lifetime supervision requirement was not part of his plea agreement and was not addressed in his "sentencing journal entry." (ECF No. 1 at 2). He further contends that he has a "liberty interest" and has "suffered a great amount of loss" due to the defendant's conduct, but he provides no further explanation or specific allegations to support those claims. (*Id.* at 3).[2] He only summarily asserts ex post facto, due process, and equal protection violations.

Article III of the United States Constitution limits judicial power to "actual, ongoing cases or controversies." *Maryland v. United States*, 360 F. Supp.3d 288, 304 (D. Md. 2019) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)); *see also Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 488 (2013). "Indeed, 'no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies.'" *Dreher v. Experian Info. Solutions, Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016)). Thus, an actual controversy must exist throughout the pendency of the case, *see Steffel v. Thompson*, 415 U.S. 452, 459 n.10 (1974); *Williams v. Ozmint*, 716 F.3d 801, 808 (4th Cir. 2013), and in the absence thereof, "the court's subject matter jurisdiction ceases to exist...." *S.C. Coastal Conservation*

---

[2] To the extent that Dolin's Complaint also asserts that "his spouse [has suffered] a liberty interest" and "a great amount of loss," as a *pro se* litigant, Dolin cannot assert claims on behalf of anyone other than himself. *See Fowler v. Lee*, 18 F. App'x 164, 165 (4th Cir. 2001); *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[W]e consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")

*League v. U.S. Army Corps. of Eng'rs*, 789 F.3d 475, 482 (4th Cir. 2015); *see also Gardner v. GMAC, Inc.*, 796 F.3d 390, 395 (4th Cir. 2015).

To pursue his constitutional challenges in this court, Dolin must "demonstrate standing for each claim he seeks to press and for each form of relief that is sought." *Town of Chester v. Laroe Ests., Inc.*, 137 S. Ct. 1645, 1650 (2017) (quoting *Davis v. Fed. Elec. Comm'n*, 554 U.S. 724, 734 (2008)). Whether a plaintiff has standing to bring his claims "is a threshold jurisdictional question." *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337, 343 (4th Cir. 2017) (quoting *Pye v. United States*, 269 F.3d 459, 466 (4th Cir. 2001)). "To satisfy the 'irreducible constitutional minimum of standing, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision.'" *Deal v. Mercer Cty. Bd. of Educ.*, 911 F.3d 183, 187 (4th Cir. 2018) (quoting *Spokeo, Inc. v. Robins*, 136 S. Ct. at 1547) (alterations omitted). "The burden of establishing standing to sue lies squarely on the party claiming subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)." *Frank Krasner Enter., Ltd. v. Montgomery Cty.*, 401 F.3d 230, 234 (4th Cir. 2005).

Ripeness is also an issue of subject matter jurisdiction. *Sansotta v. Town of Nags Head*, 724 F.3d 533, 548 (4th Cir. 2013); *see also Nat'l Ass'n for the Advancement of Colored People v. Bureau of the Census*, No. PWG-18-891, 2019 WL 355743, at *8 (D. Md. Jan 19, 2019) (describing standing and ripeness as "overlapping facets" of subject matter jurisdiction). A claim is not ripe for judicial review "'if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Scoggins v. Lee's Crossing Homeowners Ass'n*, 718 F.3d 262, 270 (4th Cir. 2013) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

The basic rationale of the ripeness doctrine "is to prevent the courts, through premature adjudication, from entangling themselves in abstract disagreements." *Thomas v. Union Carbide Agric. Prod. Co.*, 473 U.S. 568, 580 (1985); *see also Pacific Gas & Elec. Co. v. State Energy Resources Conservation & Dev. Comm'n,* 461 U.S. 190, 200-01 (1983); *Dames & Moore v. Regan,* 453 U.S. 654, 689 (1981). Thus, ripeness is a question of timing. *Reg'l Rail Reorganization Act Cases,* 419 U.S. 102, 139 (1974).

The court's role is "neither to issue advisory opinions nor to declare rights in hypothetical cases, but to adjudicate live cases or controversies consistent with the powers granted the judiciary in Article III of the Constitution." *Thomas v. Anchorage Equal Rights Com'n*, 220 F.3d 1134 (9th Cir. 2000). Here, although a petition to declare Dolin a sexually violent predator was filed, it has never been adjudicated and it appears that it may never be adjudicated. In *State v. Deel*, 788 S.E.2d 741, 749 (W. Va. 2016), the Supreme Court of Appeals of West Virginia recognized that West Virginia Code § 62-12-26 is punitive in nature and ruled that the statute "must not be applied to those individuals who committed any of the enumerated sex offenses set forth in the supervised release statute prior to the date the supervised release statute became effective regardless of any contrary language contained in West Virginia Code § 62–12–26."

The statute in question was first enacted in 2003. Dolin's offenses occurred well before 2003. Thus, pursuant to *Deel*, the retroactive application of the statute to his offenses could violate ex post facto principles. However, because Dolin's petition has never been adjudicated, and potentially never will be, his ex post facto claim is speculative and not ripe for adjudication by this federal court. Moreover, he has presently suffered no actual injury that would grant him standing to bring his ex post facto claim. The same is true for his equal protection and due process claims.

Thus, no current case or controversy exists, and there is a real likelihood that Dolin's claims will never present a case or controversy. The Supreme Court has cautioned against courts "entangling themselves in abstract disagreements." *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967). Accordingly, Dolin's Complaint must be dismissed because his claims are not ripe for adjudication and, therefore, the court lacks subject matter jurisdiction over them.

Alternatively, to the extent that the sexually violent predator petition is still pending in the Circuit Court of Boone County, and presuming that this court does have subject matter jurisdiction over Dolin's claims, the presiding District Judge should abstain from exercising such jurisdiction under the "*Younger* abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Hous. Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted the following three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Emp'rs. Res. Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). State criminal prosecutions are certainly important matters of state interest. To the extent that the petition to declare Dolin a sexually violent predator is still pending in the state court and could ever be actually adjudicated, it would appear that his criminal proceedings are still

on-going, and that Dolin would have adequate opportunity to present his constitutional challenges in the state court proceedings. Thus, *Younger* appears to apply.

### IV. RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge either **FIND** that Dolin's claims are not ripe for adjudication and that this federal court lacks subject matter jurisdiction, or abstain from exercising subject matter jurisdiction over his claims, and **DISMISS** his Complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3).

Plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Chief Judge Johnston.

The Clerk is directed to file this Proposed Findings and Recommendation to mail a copy of the same to Plaintiff.

November 19, 2020

Dwane L. Tinsley
United States Magistrate Judge