IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KENNA DOLIN,

        Plaintiff,

v.                                  CIVIL ACTION NO.  2:17-cv-04323

STATE OF WEST VIRGINIA,

        Defendant.

**ORDER**

By standing order entered January 4, 2016, and filed in this case on November 15, 2017, (ECF No. 3), this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R").  Magistrate Tinsley filed his PF&R on November 11, 2020, recommending this Court either find that Plaintiff Kenna Dolin's ("Plaintiff") claims are not ripe for adjudication and that this Court lacks subject matter jurisdiction *or* abstain from exercising subject matter jurisdiction over Plaintiff's claims. (ECF No. 8).

This Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the PF&R to which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely objections constitutes a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct a *de novo* review when a party "makes

general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due by November 7, 2020.  (ECF No. 8.)  To date, Plaintiff has failed to submit any objections in response to the PF&R, thus constituting a waiver of *de novo* review and Plaintiff's right to appeal this Court's order.

Accordingly, the Court **ADOPTS** the PF&R, (ECF No. 8), and **DISMISSES** this action as this Court **FINDS** Plaintiff's claims are not ripe for adjudication and that, therefore, this Court lacks subject matter jurisdiction.  The Court further **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:   December 11, 2020

THOMAS E. JOHNSTON, CHIEF JUDGE